OVERTON, J.
 

 This is a suit on a promissory note for the sum of $20,000. The note was made by defendant on February 10,1926, and is payable to the order of plaintiff one year after date, and bears 4 per cent, per annum interest from date. The defense is that ■ the note was executed without consideration, and was fraudulently obtained by plaintiff, and then only conditionally.
 

 The execution of the note came about in the following manner: Defendant was the owner of a number of oil and gas leases. On one of these leases, grahted on laud situated in the parish of Webster, he was drilling a well for oil or gas. Being in need of funds to complete the well, he went to St. Louis, where he applied to plaintiff for money. Plaintiff agreed to lend him $20,000 to complete the well. A contract was drawn, reciting the agreement to make the loan, and declaring that $2,500 of the amount was loaned on the day the contract was drawn, and binding plaintiff to remit the balance to defendant, in installments of $2,500, weekly. These installments were remitted to defendant in accordance with the terms of the contract. The contract further provided that the loan should bear 6 per cent, per annum interest, and recited that, to secure the loan, defendant had on that day assigned to plaintiff all of his right, title, and interest in the leases owned by him and set forth in the contract. The record shows that this assignment was made.
 

 The contract further provided that the leases, given as security, might be sold, or the acreage covered by them sublet by defendant, if plaintiff found' the price or rental satisfactory, and also provided that, in the event plaintiff should exercise an option granted him to acquire a half interest in the leases for the amount of the loan, then one-half of the consideration received from the sales or subleases should belong to plaintiff and the remaining half to defendant, but, if plaintiff should not exercise the option, then the consideration received should be applied to the reduction of the indebtedness due plaintiff. It does not appear that any sales or subleases were made, nor does it appear that plaintiff exercised the option granted him, but, to the contrary, it appears that he did not.
 

 Defendant completed the well in due time with the money lent to him, but the well proved to be nonproductive. He advised I>laintiff of the result, and again went to St. Louis. On this trip he proposed .to plaintiff that he lend him $45,000 to develop a lease on land in the parish of Oaddo. This proposition was reduced to writing at the request of plaintiff, but, before plaintiff would consider it, he informed defendant that he would have to settle the $20,000 loan already made. After some discussion concerning the matter,
 
 *682
 
 the note sued on was prepared and submitted to defendant for signature. Defendant signed it voluntarily, though, perhaps, somewhat reluctantly. Plaintiff then executed a reassignment of the leases, transferred to him by defendant as security for the $20,000 loan, and delivered the reassignment to defendant, which defendant accepted. The note was not paid at maturity, and hence this suit.
 

 From the foregoing, it seems obvious that the note is not without consideration. The consideration was obviously the $20,000 lent or advanced defendant by plaintiff. When •the loan was made, defendant became impliedly bound to pay the indebtedness arising, and the noté was given as evidence of his personal obligation to do so. It is therefore too clear for discussion that the note was given for a valuable consideration. Nor does the evidence support the defense that the note was only conditionally delivered. This defense rests on the contention that the note was delivered upon condition that plaintiff .would accept the proposition, touching the development of the land in Oaddo parish, and make certain concessions concerning the $20,-000 loan, and that, as plaintiff rejected this proposition, he is in duty bound to return the note. The record, however, does not support, as stated, the contention as to any such delivery of the note. As to the defense that the note was fraudulently obtained by plaintiff, there is no evidence justifying the conclusion that it was so obtained.
 

 Our conclusion is that plaintiff is entitled to judgment. The jury, however, returned a verdict for defendant. The trial judge refused to set aside the verdict and order a new trial, not because he thought the verdict correct, but because he thought the error of the jury could be more speedily corrected by appeal. The verdict and the judgment will have to be reversed.
 

 For the reasons assigned, the verdict of the jury and the judgment based thereon are annulled and set aside, and judgment is now rendered in favor of plaintiff, Henry S. Priest, and against the defendant, Victor Wenzel, for said sum of $20,000, with 4 per cent, per annum interest thereon from February 10, 1926, and for all costs in both courts.
 

 O’NIELL, O. J., absent, takes no part.